(76 P.3d 1069)

No. 89,499

MATTHEW PIEPLOW, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed September 26, 2003.

*Peter Maharry*, assistant appellate defender, for appellant.

*John Shirley*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and GREEN, JJ.

MALONE, J.: Matthew Pieplow appeals the district court's denial of his K.S.A. 60-1507 motion. The only issue on appeal is whether the sentencing court abused its discretion in imposing the aggravated sentence in the guidelines grid box without making any findings on the record. This is an issue of first impression.

On April 8, 1999, Pieplow was charged with one count of burglary of a non-dwelling, one count of misdemeanor theft, and one count of criminal damage to property. The parties subsequently entered into a plea agreement. In exchange for a plea of guilty to burglary, the State agreed to dismiss the remaining counts and agreed not to move for a departure. There was no agreement as to any sentencing recommendation.

On July 8, 1999, Pieplow appeared for sentencing. According to the presentence investigation report, the presumptive sentencing range for Pieplow's burglary conviction was 25-27-29 months. The State argued the aggravated sentence of 29 months was appropriate because Pieplow had committed crimes in several different counties in a short period of time. The district court imposed a 29-month sentence and granted probation. The court also ran the sentence consecutive to the sentence in another case pending against Pieplow. The court expressed reasons for imposing the consecutive sentences, but the court made no specific findings on the

record as to why it imposed the aggravated sentence for the burglary conviction. There was no direct appeal from the sentence.

On October 7, 1999, Pieplow admitted he had violated the terms of his probation. The district court revoked the probation and ordered Pieplow to serve the sentence. There was no direct appeal from the probation revocation.

On June 24, 2002, Pieplow filed a K.S.A. 60-1507 motion challenging his sentence. In his motion, Pieplow claimed he should not have received the aggravated sentence in the presumptive grid box because the court failed to state any aggravating factors on the record to support the sentence. The district court denied the motion, finding that a court is not required to state any aggravating factors when the sentence imposed is within the presumptive sentencing range. Pieplow now appeals.

Pieplow argues that pursuant to K.S.A. 2002 Supp. 21-4704(e)(1), the district court was required to impose the standard or midpoint sentence within the presumptive grid box, unless the district court stated aggravating factors on the record for imposing the longer sentence. Therefore, Pieplow claims he was given an illegal sentence and requests his case be remanded for resentencing.

Interpretation of the Kansas Sentencing Guidelines Act is a question of law and the appellate court's scope of review is unlimited. *State v. Davis*, 275 Kan. 107, 124, 61 P.3d 701 (2003).

K.S.A. 2002 Supp. 21-4704(e)(1) states: "The sentencing court has discretion to sentence at any place within the sentencing range. The sentencing judge shall select the center of the range in the usual case and reserve the upper and lower limits for aggravating and mitigating factors insufficient to warrant a departure." This provision directs a district court to sentence a defendant to the center number of the presumptive range in the usual case. The upper and lower numbers are for aggravating and mitigating factors insufficient to warrant a departure. Yet, contrary to Pieplow's argument, the plain language of the statute does not require a court to cite to such factors when determining what presumptive sentence to impose. Pieplow's argument would impose a requirement on the sentencing court that is not imposed by statute.

By contrast, K.S.A. 2002 Supp. 21-4716(a), dealing with departure sentences, states:

"Except as provided in subsection (b), the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines for crimes committed on or after July 1, 1993, unless the judge finds substantial and compelling reasons to impose a departure. *If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure.*" (Emphasis added.)

The provision makes it clear that in order for a sentencing judge to impose a departure sentence, the judge shall state the substantial and compelling reasons on the record. The absence of similar language in 21-4704(e)(1) supports a legislative intent that specific findings on the record are not required when the court stays within the presumptive sentencing range.

We must also consider K.S.A. 21-4721, which states in pertinent part:

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:
(1) Any sentence that is within the presumptive sentence for the crime."

This provision makes it clear that a presumptive sentence cannot be challenged on direct appeal. See *State v. Stephens*, 266 Kan. 886, 894, 975 P.2d 801 (1999). Thus, although 21-4704(e)(1) directs a court how to sentence within the presumptive range under the guidelines, the court's discretion in the matter is not even subject to appellate review. It would make little sense to require a court to make specific findings on the record supporting a presumptive sentence when such a sentence is not subject to appellate review. As long as a judge imposes a sentence within the presumptive range, there can be no finding of abuse of discretion.

We hold K.S.A. 2002 Supp. 21-4704(e)(1) does not require a sentencing court to state aggravating or mitigating factors on the record when imposing a sentence other than the center number within the presumptive guidelines grid box. In this case, the district court was correct in finding it was unnecessary to state any aggravating factors on the record in sentencing Pieplow. Accordingly,

the district court did not err in denying Pieplow's K.S.A. 60-1507 motion.

Affirmed.